

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00117-CR

JOSEPH JOHN GRUBBS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29,725

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Hunt County sheriff's deputies found, in the general vicinity of Joseph John Grubbs and under a truck later identified as belonging to Grubbs, a handgun and debit or credit cards[1] bearing the names of five different individuals. From that, Grubbs was convicted by a Hunt County jury in this case of fraudulent possession of identifying information[2] and in a companion case, cause number 06-14-00116-CR, of the charge of unlawful possession of a firearm by a felon. In this case, after punishment was enhanced by two prior felony convictions,[3] Grubbs was sentenced by the trial court to five years' confinement. Grubbs filed a single, consolidated brief covering both appeals in which he contends that there is insufficient evidence to support his convictions. In this case, we find there was sufficient evidence to support the conviction and affirm the judgment of the trial court.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). In doing so, we give deference to the responsibility of the trier

---

[1]There were three debit cards and two credit cards. For convenience, they will be referred to collectively as "the cards."

[2]*See* TEX. PENAL CODE ANN. § 32.51(b)(1), (c) (West Supp. 2014).

[3]*See* TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2014).

of fact "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Horton v. State*, 394 S.W.3d 589, 592 (Tex. App.—Dallas 2012, no pet.). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

"A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: (1) identifying information of another person without the other person's consent." TEX. PENAL CODE ANN. § 32.51(b)(1). "Identifying information" is "information that alone or in conjunction with other information identifies a person, including a person's . . . unique electronic identification number, address, routing code, or financial institution account number." TEX. PENAL CODE ANN. § 32.51(a)(1)(C) (West Supp. 2014). Thus, Section 32.51 "proscribes the unauthorized appropriation or use of another living human being's[4] identity—in the form of information that identifies that individual—for the

---

[4]The Texas Penal Code defines "person" as "an individual, corporation, or association." TEX. PENAL CODE ANN. § 1.07(a)(38) (West Supp. 2014). Further, an "individual" is "a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth." TEX. PENAL CODE ANN. § 1.07(a)(26) (West Supp. 2014).

purpose of defrauding or otherwise harming either the person whose identity is stolen or some

other person." *Ford v. State*, 282 S.W.3d 256, 264–65 (Tex. App.—Austin 2009, no pet.).

In this case, the indictment alleged that, on or about August 12, 2013, Grubbs

> [d]id then and there possess less than five items of indentifying [sic] information,
> namely: AMERICAN NATIONAL BANK VISA belonging to Amanda Young,
> CHASE VISA belonging to Laura Richardson, SIGNATURE VISA belonging to
> Thomas Pressly, CAPITAL ONE MASTERCARD belonging to Danny Cox,
> WELLS FARGO VISA belonging to Cheryl Parker, without the consent of the
> named individuals, with the intent to harm or defraud another.

Since the State alleged Grubbs possessed less than five items of identifying information of another

person, to obtain a conviction it was required to prove beyond a reasonable doubt that Grubbs

possessed at least one of the items of identifying information without the consent of the named

individual, who was a living human being, and that he did so with the intent to harm or defraud

either that named individual or some other person.[5]

As he did in the companion case, Grubbs argues only that, since the cards were not found

in his actual possession, the State had the burden to present evidence that linked him to the cards.

He contends that there is insufficient evidence to establish such a link between him and the cards

found on the scene. The facts of this case, as well as the non-exclusive list of factors we consider

in determining whether a link has been established, are discussed in detail in Grubbs' companion

---

[5]We emphasize that Grubbs asserts only insufficient evidence to show possession, not that the evidence is insufficient to establish the element of intent to harm or defraud or to support a presumption of intent to harm or defraud. Although we have discretion to address unassigned error, we may not address unassigned error that is not preserved in the trial court. *Sanchez v. State*, 209 S.W.3d 117, 120–21 (Tex. Crim. App. 2006). Section 32.51(b-1) provides that "the actor is presumed to have the intent to harm or defraud another if the actor possesses: (1) the identifying information of three or more other persons." TEX. PENAL CODE ANN. § 32.51(b-1)(1) (West Supp. 2014). This presumption was included in the jury charge and was not challenged in the trial court.

4

case, cause number 06-14-00116-CR, in which he appeals his conviction for unlawful possession of a firearm by a felon.  Therefore, we discuss only those facts relevant to the determination of whether he possessed the identifying information of at least one of the named individuals.

At trial, Deputy Jay Swallow testified that he found the firearm and the cards on the ground beside and slightly underneath a pickup.  In cause number 06-14-00116-CR, we detailed the evidence that established a link between Grubbs and the firearm.  One of the factors we consider when determining whether there is a link between the accused and the contraband is the accused's possession of other contraband when arrested.  *Richardson v. State*, 328 S.W.3d 61, 66 (Tex. App.—Fort Worth 2010, pet. ref'd).  Since the cards were found with the firearm, which in the companion case we have determined was possessed by Grubbs, this is sufficient evidence to establish a link between Grubbs and the cards.  Further, Amanda Young, one of the individuals named in the indictment, testified that she was the owner of the American National Bank Visa debit card found under Grubbs' truck.  She also testified that she had lost the card and had not given Grubbs permission to possess it.  We conclude this evidence is sufficient to link Grubbs to the identifying information, i.e., the cards, of another person.  We overrule Grubbs' sole point of error in this cause.

5

We affirm the judgment of the trial court.


Josh R. Morriss III
Chief Justice


Date Submitted:     June 30, 2015
Date Decided:       July 8, 2015

Do Not Publish